**16-cv-04360-VB**

**UNITED STATES DISTRICT COURT**

*for the*

**SOUTHERN DISTRICT OF NEW YORK**

_____

*In re:*

NANCY L. CARPENTER,

Debtor.

_____

ROBERT C. ROZELL,

Plaintiff/Appellant,

v.

NANCY L. CARPENTER,

Defendant/Appellee.

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

**BRIEF FOR APPELLANT**

---

Dated:      September 29, 2016
            Harrison, New York            BRONSON LAW OFFICES PC

                                          By:/s/ *H. Bruce Bronson*
                                          H. Bruce Bronson
                                          480 Mamaroneck Avenue
                                          Harrison, NY 10528
                                          Tel: (914) 269-2530
                                          Fax: (888) 908-6906
                                          hbbronson@bronsonlaw.net
                                          Attorney for Appellant Robert C. Rozell

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ............................................................................. ii

**INTRODUCTION** ........................................................................................... 1

**STATEMENT OF JURSIDICTION** ............................................................... 1

**STANDARD OF APPEALANT REVIEW** ...................................................... 2

**STATEMENT OF THE ISSUES** ................................................................... 3

**STATEMENT OF THE CASE** ...................................................................... 3

**SUMMARY OF THE ARGUMENT** .............................................................. 5

**ARGUMENT** ................................................................................................ 6

    **A. Section 523(a)(4) of the Bankruptcy Code. A Discharge under Section 727 of the Bankruptcy Code Does Not Discharge an Individual Debtor from any Debt for Fraud or Defalcation While Acting in a Fiduciary Capacity, embezzlement, or larceny** .......................................... 7

    **B. Section 523(a)(6) of the Bankruptcy Code. A Discharge under Section 727 of the Bankruptcy Code Does Not Discharge an Individual Debtor from any Debt for Willful and Malicious Injury by the Debtor or Another Entity or to the Property of another Entity** ................................ 10

    **C. De Novo Review by the District Court as to whether or not the Appellee's debt for the engagement ring is dischargeable.** ......................... 12

**CONCLUSION** ............................................................................................. 12

**CERTIFICATION** ........................................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Ahuja v. Lightsquared Inc. (In re Lightsquared, Inc.),*
534 B.R. 522 (S.D.N.Y., 2015) ................................................................**2**
*In re Ames Dep't Stores, Inc.*, 582 F.3d 422, 426 (2d Cir.2009) ...........................**2**
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d
202 (1986) ................................................................................**6**

*AUSA Life Ins. Co. v. Ernst & Young,* 206 F.3d 202, 209 (2d Cir. 2000) **........ 2, 12**

*Crawford v. Franklin Credit Mgmt. Corp.,* 758 F.3d 473 (2nd Cir., 2014) .........**6, 8**

*Jasco Tools, Inc. v. Dana Corp.*, 574 F.3d 129, 152 (2d Cir.2009) .......................**6**

*Lowe v. Quinn*, 301 N.Y.S.2d 361,32 A.D.2d 269 (N. Y. A. D. 1 Dept., 1969).**9, 10**

*Northeast Remarketing Services v. Guthrie*, 210 Westlaw 1443989, N.D.N.Y. ......**7**

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151, 120 S.Ct.
2097, 147 L.Ed.2d 105 (2000) ................................................................**6**

*In re Siddell*, 191 B.R. 544 (Bankr. N.D.N.Y., 1996) .............................................**8**

*In re West*, 339 B.R. 557 (Bankr. E.D.N.Y., 2006) ................................................**9**

### <u>STATUTES</u>

Fed R. Civ. P. §56(a) ....................................................................**2, 11**

11 U.S.C. § 523 ................................................................ **1, 6, 7, 9, 10, 11**

28 U.S.C. §158(a) ....................................................................................**1**

New York Civil Rights Law § 80-b ............................................................**4, 5**

Fed R. Bankr. P. 8018 ..............................................................................**2**

Fed. R. Bankr. P. 8002 .............................................................................**2**

28 U.S.C. § 1334 ......................................................................................**1**

11 U.S.C. §727 ................................................................................ **7, 10**

## INTRODUCTION

Robert C. Rozell ("Rozell" or Appellant"), by and through his counsel, hereby submits his opening brief on appeal (the "Appeal") pursuant to 28 U.S.C. §158(a), of the May 26, 2016 "Order Granting Defendant's Motion for Summary Judgment" [Docket No. 73] (the "Order")[1] entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the adversary proceeding No.: 13-09029 (the "Adversary Proceeding") of the chapter 7 Case No. 13-36708 (cgm) of Nancy L. Carpenter (the "Debtor" or "Appellant"). "Bankruptcy Code" means Title 11 U.S.C. section 101 et. seq., as amended from time to time. References to "A" and a page number means the applicable page from the Appendix.

## STATEMENT OF JURISDICTION

This Appeal is from a final order of the Bankruptcy Court.[2] The District Court has jurisdiction over the Appeal pursuant to 28 U.S.C. §158(a)(1). The Bankruptcy Court had jurisdiction over the underlying action pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §523 of the Bankruptcy Code. Appellant filed the Adversary Proceeding seeking a determination of non-dischargeability of the debt owed by Appellant to Appellee pursuant to 11 U.S.C. §523(a). Appellant filed a summary

---

[1] A 225-226
[2] A 225-226

1

judgment motion which was denied by the Bankruptcy Court[3]. Thereafter Appellee filed for summary judgment which motion was granted by the Bankruptcy Court.[4] Pursuant to Fed. R. Bankr. P. 8002, Appellant filed a Notice of Appeal[5] on June 7, 2016 with the bankruptcy clerk which was within 14 days of the entry of the May 26th Order. Pursuant to Fed R. Bankr. P. 8018, Appellant now timely files its opening brief.

## STANDARD OF APPELLATE REVIEW

"The district court acts as the first level of appellate review for orders from a bankruptcy court." *Ahuja v. Lightsquared Inc. (In re Lightsquared, Inc.)*, 534 B.R. 522 (S.D.N.Y., 2015). District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. §158(a)(1).   *In re Ames Dep't Stores, Inc*., 582 F.3d 422, 426 (2d Cir.2009). "A bankruptcy court's conclusions of law are reviewed de novo and findings of fact are reviewed for clear error." *Id.* Mixed questions of law and fact are subject to de novo review. *AUSA Life Ins. Co. v. Ernst & Young,* 206 F.3d 202, 209 (2d Cir. 2000).

Fed. R. Bankr. P. § 56(a) provides that "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[3] A 062
[4] A 225
[5] A 236

2

**STATEMENT OF THE ISSUES**

1. Did the Bankruptcy Court err by determining that there was "no evidence of malice and plaintiff has not come forth with evidence as to his burden in opposing summary judgment."[6]
   This is a mixed issue of law and fact and is thus subject to *de novo* review by this Court.

2. Did the Bankruptcy Court err by determining that "the damages sustained by the plaintiff are in the nature of contract damages and without additional evidence of larceny or embezzlement are dischargeable." [7]
   This is a mixed issue of law and fact and is thus subject to *de novo* review by this Court.

**STATEMENT OF THE CASE**

On July 26, 2013, the Debtor filed a chapter 7 petition[8] (the "Petition Date") with the Bankruptcy Court.

---

[6] A 234
[7] A 223
[8] A 260 to 300

3

On October 15, 2013, Appellant filed the Adversary Proceeding seeking a determination by the Bankruptcy Court that under Section 523 of the Bankruptcy Code, the debt owed to Appellant by Appellee was non-dischargeable due to (i) Appellee's failure to return to Appellant an engagement ring once the engagement was terminated and (ii) her subsequent sale of such ring for a fraction of its value.[9]

On September 24, 2015, the Appellant filed a motion for summary judgment[10] which was denied by the Bankruptcy Court.[11]

On March 2, 2016, the Appellee filed a motion for summary judgment[12] which was granted and from which the Appellant has appealed.

Facts that are not in dispute are as follows:

1. Appellant and Appellee were engaged to be married.[13]

2. The engagement ring in question that was given to Appellee by Appellant was appraised at $17,225, and was purchased for $13,680.[14]

3. The Debtor sold the ring, after the engagement was terminated, for $2,000.[15]

New York Civil Rights Law Section 80-B provides that "Nothing in this article contained shall be construed to bar a right of action for the recovery

---

[9] A 050, A 061, A161
[10] A 020 to 059
[11] A 062
[12]  A 080 to 216
[13] A 060
[14] A 005
[15] A 050, 061

of a chattel…when the sole consideration for the transfer of the chattel…was a contemplated marriage which has not occurred…" New York Civil Rights Law § 80-b.

## **SUMMARY OF THE ARGUMENT**

The central issue in this proceeding is the Appellant's contention that the Bankruptcy Court erred when it found that "Defendant [Appellee] has succeeded in showing that there was no evidence of malice and plaintiff [Appellant] has not come forth with evidence as to its burden in opposing summary judgment."[16] Appellant argues that there <u>are</u> issues of fact and that Appellee has not succeeded in showing that there was no evidence of malice. There are material facts in dispute that need to be determined at trial and it was not proper for the Bankruptcy Court to conclude that there were not. Appellant contends that the Bankruptcy Court, in having denied Appellant's summary judgment motion[17], was swayed by its own previous decision and wrongfully concluded that Appellee's summary judgment motion should be granted. The District Court can review the record *de novo* and should conclude that there are issues of material fact that need to be determined at a full evidentiary trial.

---

[16] A 234
[17] A 020

## ARGUMENT

When considering summary judgment motions the court must view the evidence in the light most favorable to the party against whom the motion was made and to draw all reasonable inferences in favor of that party. *Crawford v. Franklin Credit Mgmt. Corp.,* 758 F.3d 473 (2nd Cir., 2014). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court " 'must disregard all evidence favorable to the moving party that the jury is not required to believe.' " *Jasco Tools, Inc. v. Dana Corp.*, 574 F.3d 129, 152 (2d Cir.2009) (quoting, with emphasis, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). "When both sides have moved for summary judgment, the court must apply the above principles to each motion separately. On each motion it must view the evidence in the light most favorable to the party against whom summary judgment is sought." *Crawford* at 487.

In this case there were two Bankruptcy Code provisions of 11 U.S.C. considered by the Bankruptcy Court as the reason for non-dischargeability, sections 523(a)(4) and (6) of the Bankruptcy Code. Sections 523 (a)(4) and (6) of

the Bankruptcy Code provide: "A discharge under section 727…of this title does not discharge an individual debtor from any debt-(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" and "(6) -for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §§523 (a)(4) and (6).

### A. A Discharge under Section 727 of the Bankruptcy Code Does Not Discharge an Individual Debtor from any Debt for Fraud or Defalcation While Acting in a Fiduciary Capacity, embezzlement, or larceny.

Appellant proffered as its argument that as a bailee, Appellee had a fiduciary duty to hold Appellant's property in trust and return it to him once the engagement was terminated. Instead Appellee, sold the property for a fraction of its worth.[18] The Bankruptcy Court found that "there is no evidence of a fiduciary relationship here. 'In order to establish that a debt should be discharged because it is a product of embezzlement a creditor must show that the debtor rightfully possessed another's property, the debtor appropriated the property for use other than the use for which the property was entrusted and the circumstances implied---and the key word in that phrase is "and"—a fraudulent intent.' *Northeast Remarketing Services v. Guthrie*, 210 Westlaw 1443989, N.D.N.Y."[19] The Bankruptcy Court concluded that "fraudulent intent has not been established."[20] This conclusion of the

---

[18] A 230
[19] A231
[20] A 231

7

Bankruptcy Court fails to take into account and weigh facts that are present in this case. The Debtor's stated intent was to sell the ring and convert the proceeds to her own use-for the purpose of moving-ignoring the fact that she was being offered a fraction of the ring's worth.[21] In and of itself, the Debtor's affidavit[22] and deposition[23] established her intent to deprive Appellant of any value from the ring even at the cost of attaining only marginal value from the sale for herself. This is a factual issue that should be determined at an evidentiary hearing, and not merely concluded that no fraudulent intent had been established. Certainly, under the standard of determining summary judgment motions, to conclude that there was no fraudulent intent was not viewing the evidence in the light most favorable to the party against whom the motion was made and drawing all reasonable inferences in favor of that party. *Crawford*. Further, the Bankruptcy Court's conclusion that the damages sustained by the plaintiff are in the nature of contract damages and without additional evidence of larceny or embezzlement are dischargeable is in error.[24] A blatant selling of an engagement ring with full knowledge of the consequences and that the Debtor was selling property that did not belong to her, in a spiteful manner, surely could be construed as having established a fraudulent intent or embezzlement. The Bankruptcy Court cites *In re Siddell*, 191 B.R. 544

---

[21] A 212
[22] A 060 TO 061
[23] A 084 TO 186
[24] A 234

(Bankr. N.D.N.Y., 1996) as follows: "Section 523(a)(4) applies only to express or technical trust. Constructive or implied trust or any trust where the existence of a trust is created merely on the basis of wrongful conduct do not create fiduciary relationships." *Id.* It was not the wrongful conduct that created the trust in this case, it was the giving of the engagement ring and the subsequent holding of that ring and the eventual sale or conversion. Further the case cited by the Bankruptcy Court *In re West*, 339 B.R. 557 (Bankr. E.D.N.Y., 2006), does not stand for the proposition that "the damages sustained by plaintiff are in the nature of contract damages"[25] since it actually involved a contract and a judgment stemming therefrom. West does, however, clearly make the distinction between "fiduciary" for state and law purposes and "fiduciary" under section 523(4), which it concludes are different standards. *Id*. at 566.

The Bankruptcy Court reviewed New York Law and determined that "[e]ach case contemplates damages under a theory of breach of contract" citing *Lowe v. Quinn*, 301 N.Y.S.2d 361, 32 A.D.2d 269 (N. Y. A. D. 1 Dept., 1969). However, the breach of contract relates to the promise of marriage, not the return of the engagement ring. The engagement ring is being held pending the marriage. The breach of contract terminates that pending marriage and mandates a return of the engagement ring which was being held in trust by the potential spouse.  The notion

---

[25] A 233

that an engagement ring can be converted by the holder to her own asset, goes against the century old common law rules that give rise to the cause of action for return of the engagement ring. *Id.* Further *Lowe v. Quinn* is a case where the promisor was married when entering into the engagement making the engagement a nullity in the court's view.

Whether or not Section 523(a)(4) of the Bankruptcy Code is applicable in this case and whether or not a fiduciary capacity existed between Appellant and Appellee is largely a question of fact to be determined at trial.

**B. A Discharge under Section 727 of the Bankruptcy Code Does Not Discharge an Individual Debtor from any Debt for willful and malicious injury by the debtor to another entity or to the property of another entity.**

As to the Bankruptcy Court's determination that as to malice "the plaintiff has provided no evidence of such."[26] The Bankruptcy Court's assertion that there is no evidence of malice is simply not the case. Malice can be implied from the Debtor's action stemming from the cavalier sale of the property and the statement's by Debtor that she needed the money and that the ring was trash.[27] The Bankruptcy Court's conclusion may have been appropriate for denying Appellant's summary judgement motion, but certainly, is not adequate for granting Appellee's motion when "viewing the evidence in the light most favorable" to Appellant. The

---

[26] A 234
[27] A 061

Bankruptcy Court is in error when it states that "Defendant has succeeded in showing that there was no evidence of malice and plaintiff has not come forth with evidence as to its burden in opposing summary judgment."[28] Appellant contends that this is not the correct standard to determine summary judgment. The existence of malice is clearly apparent from the record, at least to the point of establishing that a genuine dispute as to fact does exist. Accordingly, Appellee did not meet its burden for a determination of summary judgment under Fed R. Civ. P. §56(a) 56(a) which states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. §56(a).

To allow potential debtors in bankruptcy to sell another person's assets that they are holding for them and declare that such a sale is merely a contractual obligation could produce situations that are highly inequitable. Unlike a situation where negligence comes into play, when there is a voluntary holding of another's property and an intentional sale of that property, that debt should not be found to be in the nature of a contract, but is an intentional conversion that should not be dischargeable in bankruptcy. The same is true for engagement rings which are

---

[28] A 234

entrusted to a person for the engagement, but which must be returned when the engagement is terminated, other than by marriage.

### C. *De Novo* Review by the District Court as to whether or not the Appellee's debt for the engagement ring is dischargeable.

While the Bankruptcy Court granted Appellee's summary judgment motion, since the standard of review for the District Court is *de novo*, the District Court is free to consider all documents that are part of the record for the appeal and all facts of the case. *AUSA Life Ins. Co.* It is the Appellant's position that the record clearly establishes that the elements necessary under Sections 523 (a)(4) and (6), to determine that a debt is non-dischargeable are issues of fact for which there is a dispute and require an evidentiary hearing. It is Appellant's conjecture that an evidentiary hearing will ferret out the Debtor's true state of mind and the case can be won or lost on the merits.

## <u>CONCLUSION</u>

For all the reasons set forth above, Appellant requests that this Court (i) reverse the Bankruptcy Court's May 20th Decision and May 26, 2016 Order and enter an order finding that the Appellee's summary judgement motion is denied; (ii) remanding this matter to the Bankruptcy Court for trial; and (iii) granting such other and further relief as this Court deems just and proper.

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Rule 8015 (a)(7) because this brief contains 3,103 words, excluding the parts of the brief exempted by Rule 8015(a)(7).

Dated: September 29, 2016
Harrison, New York

/s/ *H. Bruce Bronson*
H. Bruce Bronson, Esq.