16-cv-04360-VB

UNITED STATES DISTRICT COURT

*for the*

SOUTHERN DISTRICT OF NEW YORK

---

*In re:*

NANCY L. CARPENTER,

Debtor.

---

ROBERT C. ROZELL,

Plaintiff/Appellant,

v.

NANCY L. CARPENTER,

Defendant/Appellee.

---

## APPELLEE'S REPLY BRIEF

Dated:   October 31, 2016
         Carmel, New York

By:   Law Office of Francis J. O'Reilly, Esq.

Francis J. O'Reilly, Esq.
1961 Route 6
Carmel, NY  10512
(845) 225-5800 – Telephone
(845) 225-5906 – Facsimile
fcorigliano@mahopaclawyer.com
Attorney for Appellee, Nancy Carpenter

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................... ii

ISSUE PRESENTED........................................................................... 1

PRELIMINARY STATEMENT............................................................ 1

STATEMENT OF FACTS................................................................... 2

ARGUMENT PART 1.......................................................................... 3

    THE BANKRUPTCY COURT WAS CORRECT IN GRANTING
    SUMMARY JUDGMENT TO NANCY CARPENTER..................... 3

ARGUMENT PART 2.......................................................................... 5

    GIFTS IN CONTEMPLATION OF MARRIAGE
    ARE GOVERNED BY NEW YORK CIVIL RIGHTS LAW
    SECTION 80-B......................................................................... 5

ARGUMENT PART 3.......................................................................... 5

    APPELLANT HAS FAILED TO PROPERLY PLEAD, PROVIDE
    FACTS OR PROVIDE LAW SUFFICIENT TO SHOW THAT THE
    DEBTS OWED TO HIM IS NOT DISCHARGEABLE UNDER
    BANKRUPTCY CODE SECTION 11 U.S.C. SECTION 523(a)(4)
    and (6) ...................................................................................... 5

CONCLUSION..................................................................................... 8

# TABLE OF AUTHORITIES

### Cases

Anderson v. Liberty Lobby, Inc., 477 U.S. 242,255, 106 S.Ct. 2505, 91 L.Ed.2d 202 ((1986) ...... 3,4

Brill v. City of New York, 2 N.Y.3d. 648, 814 N.E.2d 431(2004) ............................................. 4

Crawford v. Franklin Credit Management Corp., 758 F.3d 473 (2nd Cir., 2014) ..................... 3

Crowley's Milk Co v. Klein, 24 A.D.2d 920, 264 N.Y.S.2d. 680 (3rd Dep't 1965) ..................... 4

Davis v. Aetna Acceptance Co., 293 U.S. 328 *, 55 S. Ct. 151, 79 L. Ed. 393, 1934 U.S. LEXIS 1010 (U.S. 1934) ................................................................................ 6

Donadio v. Crouse-Irving Memorial Hospital, Inc. 75 A.D.2d 715, 427 N.Y.S.2d 118 (4thDep't. 1980) ............................................................................................................ 4

In re Verdon, 95 Bankr. 877, 882 (Bankr. N.D.N.Y. 1989). ................................................... 7

Moscowitz v. Garlock, 23 A.D.2d 943. 259 N.Y.S.2d, 1003 (3rd Dep't. 1956), ..................... 4

Peerless Ins. Co. v. Casey (In re Casey), 181 B.R. 763 *, 1995 Bankr. ................................. 6

Zohlman v. Zoldan, 226 B.R. 767 *, 1998 U.S. Dist. LEXIS 17919 (S.D.N.Y. 1998) ................ 7

### Statutes

11 U.S.C. sections 523(a)(4) and (6) ................................................................ 2,5,6,7

F.R. Civ.P.56(a) ............................................................................................... 4

Federal Rule Civil Procedure §56c ................................................................... 1,3,4

New York Civil Rights Law Section 80-B ............................................................. 5

## ISSUE PRESENTED

Is Appellant Robert C. Rozell entitled to a reversal of the May 26, 2016 Decision of the Bankruptcy Court of the Southern District of New York, Poughkeepsie which found, based on the evidentiary record and all pleadings theretofore that the motion for summary judgment of Appellee Nancy Carpenter should be granted.

Chief Judge Morris determined it should be and therefore granted the motion.

## PRELIMINARY STATEMENT

This is a reply to an appeal of Plaintiff Robert Rozell ("Appellant") from a Decision and Order of the Honorable Cecelia G. Morris (Chief Justice, U.S. Bankruptcy Court for the Southern District of New York, Poughkeepsie) dated May 26, 2016 granting the Respondent Nancy Carpenter (Appellee)'s motion pursuant to Federal Rule Civil Procedure §56(c) for summary judgment.

Judge Morris looked past the rhetoric of the plaintiffs unsubstantiated claims of malice, fraud or defalcation while acting as a fiduciary, larceny and embezzlement and found that the evidence and Appellants pleadings did not support Appellant's claims. She found that the damages sustained by Appellant are in the nature of contract damages and that Appellant provided no evidence of malice, no evidence that Appellee was a fiduciary of Appellant and no law or theory of a larceny or embezzlement. Judge Morris further found that malice was not plead nor evidence of malice provided and that Appellant failed to establish proof that the debt that was the subject of Appellant's adversary proceeding was non-dischargeable.

1

## STATEMENT OF FACTS

The facts of the case are not in dispute and are as follows:

1. Appellant and Appellee were engaged to be married.

2. Appellant purchased a diamond engagement ring for the amount of $13,680.00 which Appellant gave to Appellee as a gift in contemplation of their marriage.

2. The engagement was terminated and the parties separated.

3. Appellee sold the diamond engagement ring which Appellant had purchased and given to her to a jeweler for the amount of $2,000.00.

4. On July 26, 2013 Appellee filed a petition for chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York, Poughkeepsie and listed the Appellant as a creditor in schedule F of the her bankruptcy petition.

5. Appellant received notice of the filing of Appellee's bankruptcy case.

6. On October 15, 2013 Appellant filed an Adversary Proceeding seeking a determination that the debt was not dischargeable under Section 11 U.S.C. Section 523(a) of the Bankruptcy Code.

7. On September 24, 2015, after adequate time for discovery agreement that no facts were in dispute, Appellant filed a motion for summary judgment which was denied by the Bankruptcy Court.

8. On March 2, 2016, Appellee filed a motion for summary judgement which was granted by the Bankruptcy Court to which Appellant has appealed.

## ARGUMENT PART 1

## THE BANKRUPTCY COURT WAS CORRECT IN GRANTING SUMMARY JUDGMENT TO NANCY CARPENTER

Appellant cites the case of <u>Crawford v. Franklin Credit Management Corp., 758 F.3d 473 (2nd Cir., 2014)</u> and so states that when considering summary judgment motions the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party, Appellee concurs.

Appellant next *cites* <u>*Anderson v. Liberty Lobby, Inc., 477 U.S. 242,255, 106 S.Ct. 2505, 91 L.Ed.2d 202 ((1986)*</u> and quotes from *Anderson* that "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge". Appellant has quoted from an oft cited case but has either omitted or overlooked the following standards for summary judgment cited in *Anderson*:

" <u>Rule 56(c) of the Federal Rules of Civil Procedure</u> provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, at 248.

"When determining if a genuine factual issue . . . exists . . . , a trial judge must *bear in mind the actual quantum and quality* of proof necessary to support liability . . . . For example, *there is no genuine issue if the evidence presented in the opposing affidavits is of insufficient caliber or quantity* to allow a rational finder of fact to find actual malice by clear and convincing evidence." *Anderson*, at 254 (emphasis added).

"[The] inquiry . . . [is] whether the evidence presents a *sufficient* disagreement to require submission to a jury or whether *it is so one-sided* that one party must prevail as a matter of law." *Anderson*, at 251-252 (emphasis added)."

Summary judgment permits a party to show by affidavit or other evidence that there is no material issue of fact to be tried, and that judgment may be directed as a matter of law, thereby avoiding needless litigation, cost and delay.
*Brill v. City of New York*, 2 N.Y.3d. 648, 814 N.E.2d 431(2004)

Summary judgment is proper to eliminate unnecessary expense to named litigants where no issue of material fact is presented to justify trial against them. *Donadio v. Crouse-Irving Memorial Hospital, Inc.* 75 A.D.2d 715, 427 N.Y.S.2d 118(4thDep't. 1980). While it is true that summary judgment is a drastic remedy and should not be granted if there is any doubt as to the existence of a triable issue. *Moscowitz v. Garlock*, 23 A.D.2d 943. 259 N.Y.S.2d, 1003 (3rd Dep't. 1956), and that granting the motion is the procedural equivalent of a trial *Crowley's Milk Co v. Klein*, 24 A.D.2d 920, 264 N.Y.S.2d. 680 (3rd Dep't 1965) it is appropriate in this matter.

Further, F.R. Civ.P.56(a) provides that " A party may move for summary judgment, identifying each claim or defense-or the party of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law..."

Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and determination that there are no triable issues of fact based on the evidence presented. The non-moving party should oppose the motion for summary judgment with evidence that is admissible at trial. Appellant clearly failed to plead malice, misunderstood the meaning of a fiduciary as defined by federal law and failed provide evidence of larceny nor provide evidence or even properly plead fraud.

4

## ARGUMENT PART 2

## GIFTS IN CONTEMPLATION OF MARRIAGE ARE GOVERNED BY NEW YORK CIVIL RIGHTS LAW SECTION 80-B

New York Civil Rights Law Section 80-B governs gifts in contemplation of marriage. The full text of the Statute is as follows:

"Nothing in this article contained shall be construed to bar a right of action for the recovery of a chattel, the return of money or securities, or the value thereof at the time of such transfer, or the rescission of a deed to real property when the sole consideration for the transfer of the chattel, money or securities or real property was a contemplated marriage which has not occurred, and the court may, if in its discretion justice so requires, (1) award the defendant a lien upon the chattel, securities or real property for monies expended in connection therewith or improvements made thereto, (2) deny judgment for the recovery of the chattel or securities or for rescission of the deed and award money damages in lieu thereof."

The statute provides for civil remedies in contract for gifts made in contemplation of marriage and so provides contractual remedy's in the form of money damages for the non-return of such gifts. There is no factual dispute involving whether the gift was made and whether the gift was returned. The amounts of the purchase and sale are not in dispute and the value of the ring was claimed on the Appellee's bankruptcy schedules and the Appellant was noticed of the same.

## ARGUMENT PART 3

## APPELLANT HAS FAILED TO PROPERLY PLEAD, PROVIDE FACTS OR PROVIDE LAW SUFFICIENT TO TO SHOW THAT THE DEBTS OWED TO HIM IS NOT DISCHARGEABLE UNDER BANKRUPTCY CODE SECTION 11 U.S.C. SECTION 523(a)(4) AND (6)

Section 11 U.S.C Section 523 provides for exceptions to discharge. Appellant alleges specifically that Bankruptcy Code provision 11 U.S.C. sections 523(a)(4) and (6) bar the discharge of the debt owed by Appellee to Appellant and that the same cannot be discharged.

Provision 11 U.S.C. sections 523(a)(4) and (6) provide:

5

> "(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title [11 USCS § 727, 1141, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt—"....
> "(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."
> "(6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

Appellant by innuendo, unproven assertion and wholly unsupported allegation contends that Appellee committed fraud or defalcation while acting as a fiduciary, larceny and/or embezzlement of an engagement ring or the value thereof and that Appellee willfully and maliciously injured Appellant.

Appellee sold an engagement ring so that she could obtain funds to move out of a house she and her son shared with Appellant in order to get to a safe place. (**Exhibit "A"** *Deposition Transcript of Nancy Carpenter p.119.*) Appellant on several occasions threatened to throw Appellee and her son out of their shared house, to lock them out and to keep all of their possessions. Appellee was compelled to lock herself inside a bedroom due to Appellant's threats and assaulting gestures. *Ibid.123,124.* By selling the ring, Appellee was able to move out of the home she shared with Appellee and thereby leave the abusive relationship.

Judge Morris directly addressed Appellant's claim that there were triable issues of fact to determine whether there was fraud or defalcation while acting as a fiduciary capacity, embezzlement or larceny as follows:

> "Section 523(a)(4) states that a discharge under section 727 of this title does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. The meaning of fiduciary is a matter of Federal Law. *Davis v. Aetna Acceptance Co., 293 U.S. 328 *, 55 S. Ct. 151, 79 L. Ed. 393, 1934 U.S. LEXIS 1010 (U.S. 1934)* The broad general definition of fiduciary involving competence, trust, good faith is not applicable in dischargeability proceedings under 523 (a)(4). *Peerless Ins. Co. v. Casey (In re Casey), 181 B.R. 763 *, 1995 Bankr. LEXIS 686, 33 Collier Bankr. Cas. 2d (MB) 954 (Bankr.*

6

*S.D.N.Y. 1995)"* (Exhibit B Transcript of November 10, 2015 Motion Hearing Before Judge Cecilia G. Morris, p. 069)

While federal law dictates that the fiduciary relationship can only arise from an express or technical trust, state common law or state statute can create such express or technical trusts for purposes of 11 U.S.C.S. § 523(a)(4). Federal law instructs that only express or technical trusts create a fiduciary relationship in this context, but state law instructs when an express or technical trust exists in the individual case. Thus, it is often said that, although the concept of fiduciary is to be narrowly defined as a matter of federal law, state law is to be construed to determine when a trust in this strict sense exists. *Zohlman v. Zoldan, 226 B.R. 767 \*, 1998 U.S. Dist. LEXIS 17919 (S.D.N.Y. 1998)*.

Appellant had the burden to provide that a trust existed and that Appellee was a trustee and therefore a fiduciary relationship existed between Appellee and Appellant when Appellant replied to the Appellee's summary judgment motion. Appellant provided no evidence of a trust under New York State law, Federal law or any other law and therefore provided no evidence that a fiduciary relationship existed between Appellant and Appellee. In addition to the foregoing, exceptions to discharge are to be narrowly construed in favor of a debtor and against the creditor to effectuate the fresh start purposes of the bankruptcy laws. *See In re Verdon,* 95 Bankr. 877, 882 (Bankr. N.D.N.Y. 1989).

Additionally Appellant contended that Appellee committed larceny and/or embezzlement when she sold the engagement ring. Such allegations were wholly unsupported as Appellant failed to provide any case law or penal law demonstrating that the failure to return a gift in contemplation of marriage is larceny or embezzlement under New York State Law. Appellant merely gained an action under contract law for damages when Appellee sold the ring. Contrary to the Appellant's allegations, Appellee was not a fiduciary but a participant in a contract wherein Appellant was entitled to monetary damages. Those damages are dischargeable and were discharged in Appellee's chapter 7 bankruptcy case.

Further Appellant contends that the debt owed by Appellee to Appellant was not dischargeable under 11 U.S.C. section 523(a)(6) due to a willful and malicious injury by Appellee to Appellant. However, Appellant fails both in his motion for summary judgment and his reply to Appellee's summary judgment motion to plead or provide any evidence of malice and relies solely on his contention that Appellee has not shown an absence of malice completely ignoring his burden to prove the same.

Appellee by her filing of a chapter 7 bankruptcy case was given a chance for a fresh start contemplated and enshrined in the bankruptcy code itself. Debtor's prisons in this as in all United States jurisdictions have long been abolished.

## CONCLUSION

The Appellant has failed to show a clear error in the granting of Appellee's summary judgement motion by Chief Judge Morris. Therefore, the Decision and Order appealed from should be upheld, the complaint and all claims and cross-claims against Appellee Nancy Carpenter should be dismissed, along with an award of costs and disbursements of this proceeding.

Dated: Carmel, New York
      October 31, 2016

                                            Respectfully submitted,

                                            Francis J. O'Reilly, Esq.
                                            Attorney for Appellee
                                            1961 Route 6
                                            Carmel, New York 10512